SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                      ) | Case No. 10-mj-11-P-JHR |
| ) | |
| MARCELO LOPES                ) | |

### CRIMINAL COMPLAINT

I, Joseph Burkhead, being duly sworn, state that the following is true and correct to the best of my knowledge and belief.

### COUNT ONE

On about April 8, 2008, in the District of Maine, the defendant,

**MARCELO LOPES,**

knowingly possessed a nonimmigrant visa in the name of Marcelo Duelli Lopes, which the defendant knew to be forged, counterfeited, altered or falsely made, in that the defendant presented such visa at the Maine Bureau of Motor Vehicles in Thomaston, Maine while attempting to obtain a Maine identification card.

In violation of Title 18, United States Code, Section 1546(a).

### COUNT TWO

On about May 4, 2009, in the District of Maine, the defendant,

**MARCELO LOPES,**

for the purpose of satisfying a requirement of the employment verification system set

forth in subsection 1324a(b) of Title 8 of the United States Code, used an identification document, specifically an Alien Registration Receipt card bearing the name Marcelo Lopes and the Alien file number Axxxxx2356, knowing and having reason to know that the document was false.

In violation of Title 18, United States Code, Section 1546(b)(2).

### COUNT THREE

On about May 4, 2009, in the District of Maine, the defendant,

**MARCELO LOPES,**

for the purpose of securing employment with Texas Roadhouse restaurant, knowingly, and with the intent to deceive, falsely represented that his social security number was xxx-xx-9152. In fact, as defendant well knew, social security number xxx-xx-9152 was not assigned to him.

In violation of Title 42, United States Code, Section 408(a)(7)(B).

I further state that I am a Special Agent with the Department of State Diplomatic Security Services and that this complaint is based on the facts contained in the attached Affidavit, which is incorporated by reference herein.

Dated at Portland, Maine this 25th day of January, 2010.

*Joseph Burkhead*
Joseph Burkhead
Special Agent, U.S. Department of State

Sworn and subscribed to before me this 25th day of January, 2010.

*John H. Rich III*
John H. Rich III
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT FOR MARCELO LOPES

I, Joseph D. Burkhead, having been duly sworn, depose and state:

1.      I am a special agent with the U.S. Department of State, Diplomatic Security Service (DSS), currently assigned to the Portsmouth Satellite Office in New Hampshire. I have been employed as a Special Agent since September 2008. Among my duties and statutory authorities is the investigation of visa fraud and other such identity fraud documents. I completed the Diplomatic Security Training Center's Basic Special Agent Course and the Federal Law Enforcement Training Center's Criminal Investigators Training Program where I received specialized training in conducting investigations of federal offenses, including passport fraud, visa fraud, and identity fraud. I am familiar with the methods, routines, and practices of document counterfeiters, vendors, and other persons who fraudulently obtain, use, or assume false identities.

2.      This Affidavit is filed in support of a criminal complaint and arrest warrant charging Marcelo Duelli Lopes with willfully and knowingly using a fraudulent United States non-immigrant visa in violation of 18 U.S.C. § 1546(a); willfully and knowingly using a fraudulent Alien Registration Receipt Card in violation of 18 U.S.C. § 1546(b)(2); and willfully and knowingly falsely representing a Social Security number to be a Social Security number assigned to him by the Commissioner of Social Security in violation of 42 U.S.C. § 408(a)(7)(B).

1

3. The facts set forth in this Affidavit are based upon my personal observations, my training and experience, and information obtained from other law enforcement officers. This Affidavit is intended to show sufficient probable cause to support the issuance of an arrest warrant. It does not purport to set forth all of my knowledge of the investigation into this matter.

4. Based on my training and experience, I know that under federal law, before beginning to work in the United States, every prospective employee must complete a Form I-9, or Employment Eligibility Verification form. Section 1 of a Form I-9 elicits information from the employee. The employee's name, address, date of birth, and Social Security number are required. Additionally, the employee must sign Section 1 and attest under penalty of perjury that the employee is either a citizen or national of the United States, a lawful permanent resident, or an alien authorized to work in the United States. If the employee checks that he or she is a lawful permanent resident or an alien authorized to work, an Alien number ("A-number") or Admission number, which is associated with an Alien Registration Receipt card, must be provided by the employee.

5. An employee is required to present documents to his or her employer verifying the employee's identity and eligibility to work in the United States. The employer is required to examine the employee's documents and indicate which documents are being relied upon to determine eligibility to work. The employer is also required to certify that he has examined the documents presented by the employee and that they appear to be genuine. The employer certifies the Form I-9 by signing, dating,

and providing identifying information. Employers are required by law to retain the Form I-9 for three years after the date the person begins to work or one year after the person's employment is terminated, whichever is later.

6. The requirements of the employment eligibility verification process described above are set out in section 274A(b) of the Immigration and Nationality Act, which is found at Title 8, United States Code, Section 1324a(b).

7. Based on my training and experience, I know that it is not uncommon for individuals who are not legally present in the United States to purchase counterfeit documents, including I-551 (Permanent Resident or Resident Alien, formerly known as Alien Registration Receipt) cards, United States visas, and Social Security cards. The I-551 card contains the name of the alien, date of birth, the A number assigned to the alien, an expiration date, a photograph of the alien and a fingerprint belonging to the alien. The I-551 card bears the alien's signature and the card is laminated. A legitimate United States visa is issued by the U.S. Department of State and grants the holder the right to apply for entry into the United States. A legitimate non-immigrant visa contains the recipient's name, date of birth, the issue date of the visa as well, and the expiration date. In addition, the visa also contains a control number, a foil number, and a passport number. These numbers may be checked in the U.S. Department of State database to ensure that they correspond with the purported holder of the visa. The Social Security Administration assigns Social Security numbers and issues Social Security cards. Social Security cards contain a Social Security number and the name of

3

the individual assigned the Social Security number. These documents are often then presented to an employer to establish identity and eligibility for employment.

8. I know from experience that standard business practice for acquiring a Maine Identification (ID) Card at the Bureau of Motor Vehicles (BMV) involves filling out a form with the applicant's personal information and then presenting the form, along with supporting identification to the BMV representative. Supporting documents often include a passport and a United States visa. The BMV representative then compiles the ID card application along with the supporting materials and takes a picture of the individual applicant to go along with the materials. Then the BMV representative processes the information on the application. In cases where possible fraud is suspected, the representative processes the materials "Offline"— meaning that the materials are flagged and set aside for further investigation. Those flagged applications are sent to the BMV investigative arm for further review. Applications involving suspected fraud with United States visas are referred to the DSS Portsmouth Satellite Office for further analysis.

## BACKGROUND OF INVESTIGATION

9. On December 11, 2009, I submitted a query to the Maine BMV for any identity documents issued to Marcelo Duelli Lopes. On December 14, 2009, Maine BMV forwarded an electronic copy of Marcelo Duelli Lopes's Maine identification card application and photo. Lopes applied for a Maine ID card on April 8, 2008, at the Rockland branch in Thomaston, Maine, using a Brazilian passport with a United States

4

non-immigrant visa as part of his supporting documents. Lopes listed his address as 753 Main Street, Apartment #2, South Portland, Maine, on his ID card application. The BMV employee suspected fraud in the supporting documents and flagged them for investigation. The photograph taken at the BMV when Lopes submitted his application matches the image displayed on the Brazilian passport issued to Marcel Duelli Lopes, and matches my in-person identification of Lopes.

10. Department of State review of the non-immigrant visa Lopes used in support of his ID application revealed obvious fraudulent indicators and glaring inconsistencies when compared to a legitimate visa. The first line on a legitimate visa should read "USA." The first line on the visa Lopes used, however, reads "BRA." The second line on a legitimate visa should reflect the visa issue date or the visa expiration date of the visa, depending on the version of the visa. The second line on the visa Lopes used, however, reflects neither of these dates. A legitimate visa control number contains the year of issue. The visa Lopes used does not. In addition, subsequent database checks of the visa foil number and control number via the U.S. Department of State's Consolidated Consular Database revealed no record of issuance. There was also no record of any United States visas issued in the name of Marcelo Duelli Lopes, born on April 8, 1986.

11. On January 11, 2010, both a supervisor and the general manager, Nick Kalogerakis, from Texas Roadhouse restaurant in Scarborough, Maine, identified

Marcelo Lopes as an employee who works in this restaurant.[1] The general manager provided me with a copy of Marcelo Duelli Lopes's Form I-9, signed May 4, 2009. As proof of employment eligibility, Lopes provided a Social Security card bearing the number xxx-xx-9152[2] and an Alien Registration Receipt Card bearing the number Axxxxx2356,[3] which expires October 21, 2009. Lopes listed his address as 753 Main Street, Apartment #2, South Portland, Maine, on his Form I-9.

12.     The general manager stated that, pursuant to standard practice, the social security number (SSN) that Lopes submitted would have been queried through a "Menu link" database, associated with Social Security Administration records, for authenticity. The check verifies whether the SSN reported was issued, but does not verify whether the applicant's name and number is a true match. Lopes's SSN query would have therefore revealed that it was a validly issued SSN. Because this SSN query is limited, the general manager stated that to further mitigate fraud, the general manager himself completes the information on the I-9 form based on the information the applicant produces for that purpose. The general manager then gives the complete I-9 Form to the applicant for review and verification. By signing the I-9 Form, the applicant verified the information completed is accurate. Once the applicant has verified the completeness of the I-9 Form through his signature, the general manger

---

[1] While speaking with the general manager, I witnessed Lopes arrive at the restaurant driving his vehicle, a 1997 Jeep Grand Cherokee with Maine plate 6755 NZ, to begin working his shift. The individual identified as Lopes by the general manager was the same person depicted in the Maine BMV photograph and the Brazilian passport described in paragraph 9.
[2] The complete SSN is withheld for confidentiality.
[3] The complete A-number is withheld for confidentiality

6

signs the "Preparer Certification" block.   Lopes's I-9 Form is signed and dated May 4, 2009, and is also signed and dated by the general manager on the same date.

13.   On January 19, 2010, I conducted an Immigration Central Index System (CIS) Database search that revealed that Alien Registration Receipt number Axxxxx2356 was not a valid number.

14.   On January 19, 2010, I ran an Immigration Alien Query via the Law Enforcement Support Center (LESC) into Marcelo Duelli Lopes's current immigration status.   The search rendered no records based on an exact name and date of birth query.   This is further indication that Lopes was never issued an A-number and therefore also further indicates that Lopes was never issued an Alien Registration Receipt card.   If Lopes had been issued an Alien Registration Receipt card, he would have an A-number on record.

15.   On January 21, 2010, Social Security Administration Office of Investigations confirmed via database search that SSN xxx-xx-9152 is a valid and assigned Social Security number.   The Social Security number is not assigned to Marcelo Duelli Lopes.

## CONCLUSION

16.   Based on the aforementioned related facts, I respectfully submit that probable cause exists to believe that on or about April 4, 2008, Marcelo Duelli Lopes willfully and knowingly used a fraudulent United States non-immigrant visa to obtain a Maine identification card in violation of 18 U.S.C. § 1546(a); on or about May 4, 2009,

7

willfully and knowingly used a fraudulent Alien Registration Receipt Card to obtain employment in violation of 18 U.S.C. § 1546(b)(2); and on or about May 4, 2009 willfully and knowingly falsely represented a Social Security number to be a Social Security number assigned to him by the Commissioner of Social Security to obtain employment in violation of 42 U.S.C. § 408(a)(7)(B).   I respectfully request that this Honorable Court issue a criminal complaint charging Marcelo Duelli Lopes with these offenses.

I hereby swear under oath that the information set forth in this Affidavit is true and correct to the best of my knowledge, information, and believe, and that I make this oath under pains and penalties of perjury.

Dated at Portland, Maine this 25th day of January, 2010.

Joseph D. Burkhead
Special Agent
U.S. Department of State
Diplomatic Security Service

Sworn to and subscribed before me on this 25th day of January, 2010.

John H. Rich III
United States Magistrate Judge
District of Maine

8